# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINFRED KOKOR,<br><br>　　　　Defendant. | Case No. 1:13-cv-01391 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 14) |

　　　　Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2013.[1]

　　　　On January 8, 2014, the Court granted Plaintiff's motion to file an amended complaint. Plaintiff has requested an extension of time and the date for filing the amended complaint has not yet passed.

　　　　On March 3, 2014, Plaintiff filed a motion for reconsideration of the Court's January 7, 2014, denial of his request for counsel.

　　　　In the January 7, 2014, order, the Court recognized Plaintiff's contention that he is disabled by pain and cannot write to keep up with briefing in this action. The Court explained, however, that absent medical documentation, the Court would not consider such a request. The Court also noted that Plaintiff could request additional time, if necessary, to complete pleadings or meet deadlines.

---

[1] On September 12, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

In his motion for reconsideration, Plaintiff again argues that he suffers gripping issues with his right hand and cannot hold a pen due to various ailments.  However, Plaintiff's continued disagreement with the Court's ruling is not grounds for reconsideration.  Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

There is no entitlement to counsel in this case, Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  At this stage of the proceedings, there is no operative complaint, and the Court cannot determine whether Plaintiff is likely to succeed on the merits.

To the extent that Plaintiff cites his disability as an exceptional circumstance, the Court notes that Plaintiff has been able to file documents throughout this action, whether written by himself or others, and has not had any trouble communicating with the Court.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Plaintiff cites "medical papers" filed in this action, though it appears that the only relevant medical document is a report from 2008 noting that Plaintiff would benefit from no strong gripping with this right hand and no heavy lifting.  This does not support a finding that Plaintiff is unable to write.

Insofar as Plaintiff requests a preliminary injunction to provide pain medication that has worked in the past, his request is denied.  Without an operative complaint, the Court does not have jurisdiction to order any equitable relief.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

IT IS SO ORDERED.

Dated:   **March 14, 2014**        /s/ Dennis L. Beck
                                                             UNITED STATES MAGISTRATE JUDGE