# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WINFRED KOKOR,<br><br>　　　　　Defendant. | Case No. 1:13-cv-01391 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Document 20) |

Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 30, 2013.  On May 23, 2014, Plaintiff filed a First Amended Complaint.[1]  By separate order, the Court screened Plaintiff's First Amended Complaint and found that it stated an Eighth Amendment deliberate indifference claim against Defendant Winfred Kokor, M.D.  Plaintiff was ordered to return service documents, and the time for returning the documents has not yet passed.

On July 25, 2014, Plaintiff filed a motion for injunctive relief.  Plaintiff seeks an order releasing him from prison.

## **DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 12, 2013.

1

1  omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
2  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
3  balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20
4  (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is
5  entitled to relief. *Id.* at 22 (citation omitted) (emphasis added).

6  As an initial matter, "a court has no power to adjudicate a personal claim or obligation unless
7  it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*,
8  395 U.S. 100, 110 (1969) (emphasis added); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).
9  In this case, the sole Defendant has not yet made an appearance in this action.  The Court is still
10 awaiting the return of service documents from Plaintiff.  Whatever merit there might otherwise be to
11 Plaintiff's requests for a preliminary injunction, at this juncture the Court lacks personal jurisdiction
12 over Defendant and it cannot issue an order requiring him to take any action. *Zenith Radio Corp.*,
13 395 U.S. at 110; *Ross*, 504 F.3d at 1138-39.

14 It is also likely that Plaintiff is not entitled to seek *any* equitable relief.  Separate individual
15 suits may not be maintained for equitable relief from alleged unconstitutional prison conditions
16 while there is a pending class action suit involving the same subject matter. *McNeil v. Guthrie*, 945
17 F.2d 1163, 1165 (10th Cir.1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en
18 banc).  "Individual members of the class and other prisoners may assert any equitable or declaratory
19 claims they have, but they must do so by urging further actions through the class representative and
20 attorney, including contempt proceedings, or by intervention in the class action." *Id*.  Here, the
21 *Brown v. Plata* action involves the same subject matter- adequacy of medical care- as Plaintiff's
22 claim here.  Thus, Plaintiff's claim for injunctive relief may not be maintained because it falls within
23 the subject matter of *Plata*.

24 In any event, the relief Plaintiff seeks is not available at this juncture.  Plaintiff seeks a
25 "release order" pursuant to 18 U.S.C. § 3626(a), which sets forth the appropriate remedies in civil
26 actions related to prison conditions.  Citing *Brown v. Plata*, 131 S.Ct. 1910 (2011), Plaintiff
27 contends that this Court is aware of the medical issues in California prisons.  While release is a
28 remedy permitted by section 3626(a), release is certainly not "narrowly drawn" to remedy the

alleged violations at issue.  In other words, release is a last resort and myriad of factors must be met prior to consideration of such relief.

Finally, *Plata* does not stand for the proposition that federal district courts can order state officials to release specific prisoners.  *See Nagast v. Dep't of Corr.,* 2012 WL 1458241, at *3 (C.D. Cal. 2012) (dismissing with prejudice claim seeking to compel court to release plaintiff based on *Plata* because only three-judge court has statutory authority to make such decisions) (citing *Plata*, 131 S.Ct. at 1922), accepted by 2012 WL 1463317 (C.D. Cal. Apr. 26, 2012).

Insofar as Plaintiff requests that the Court order his medication changed, Plaintiff has not made any showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Accordingly, Plaintiff's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                          /s/ *Dennis L. Beck*
                                                                         UNITED STATES MAGISTRATE JUDGE

3