# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>WINFRED KOKOR,<br><br>    Defendant. | Case No. 1:13-cv-01391-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(Document 37-2) |

Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2013. This action is proceeding on Plaintiff's May 23, 2014, First Amended Complaint against Defendant Kokor for violation of the Eighth Amendment.

Defendant's October 28, 2014, motion to dismiss is pending. It is not yet fully briefed.

On February 2, 2015, Plaintiff filed a motion seeking the Court's intervention in his work assignment and medical care. The Court construes this as a request for injunctive relief. The motion is suitable for decision without an opposition pursuant to Local Rule 230(l).

### **DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

1

1  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
2  balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20
3  (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is
4  entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

5  Moreover, the Court's jurisdiction is limited to the parties before it in this action and to
6  Plaintiff's claim against Defendant Kokor relating to his medical treatment and pain medications.
7  *See e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The]
8  triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-
9  controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing
10 its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d
11 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or
12 controversies.") (citation and internal quotation marks omitted).

13 Here, Plaintiff requests that the Court intervene in his work assignment and impose
14 restrictions to exclude culinary and yard crew assignments.  He contends that these assignments
15 worsen his injuries.  Plaintiff also states that he is being denied pain medications by his new doctor,
16 Dr. Sundaram.

17 As explained above, this Court has no jurisdiction over Dr. Sundaram and the staff members
18 who control his work restrictions, as they are not parties to this action.  Therefore, the Court cannot
19 require them to take any action.  Similarly, the subject matter of this action does not include
20 Plaintiff's work assignments, and the Court cannot make any orders relating thereto.

21 Finally, as this Court has previously explained to Plaintiff in a prior order denying a similar
22 request for injunctive relief, it is likely that Plaintiff is not entitled to seek *any* equitable relief.
23 Separate individual suits may not be maintained for equitable relief from alleged unconstitutional
24 prison conditions while there is a pending class action suit involving the same subject matter.
25 *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.1991); *Gillespie v. Crawford*, 858 F.2d 1101,
26 1103 (5th Cir.1988) (en banc).  "Individual members of the class and other prisoners may assert any
27 equitable or declaratory claims they have, but they must do so by urging further actions through the
28 class representative and attorney, including contempt proceedings, or by intervention in the class

action." *Id*. Here, the *Brown v. Plata* action involves the same subject matter- adequacy of medical care- as Plaintiff's claim here. Thus, Plaintiff's claim for injunctive relief may not be maintained because it falls within the subject matter of *Plata*.

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that Plaintiff's motion for injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 11, 2015**          /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

3