# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINFRED KOKOR, M.D.,<br><br>　　　　Defendant. | Case No. 1:13-cv-01391-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br>(Document 26)<br><br>THIRTY-DAY OBJECTION DEADLINE |

　　　Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 13, 2013. He filed a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) on May 24, 2014. The action is proceeding against Defendant Wilfred Kokor, M.D., for violation of the Eighth Amendment.

　　　On October 28, 2014, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief could be granted. Defendant also moved to dismiss on qualified immunity grounds. After receiving numerous extensions of time, Plaintiff opposed the motion on February 2, 2015. Defendant filed his reply on February 9, 2015, and the motion is therefore deemed submitted pursuant to Local Rule 230(l).

**A.     PLAINTIFF'S ALLEGATIONS**

In his August 30, 2013, complaint, Plaintiff alleges that Defendant failed to treat his pain[1] with narcotics that other physicians had prescribed in the past. He also alleges that Defendant refused to review his medical file, which would have revealed that Plaintiff has taken every non-steroidal anti-inflammatory drug ("NSAIDs") for his various ailments, but only narcotic medications worked. Plaintiff further alleges that Defendant refuses to recommend medications that will not damage his liver.

According to his inmate health care appeal documents, Plaintiff was examined on October 3, 2012, for chronic care follow-up and medications. Plaintiff informed the treating source that his pain medication was not working (Oxcarbazepine) and requested Morphine.[2] Plaintiff was advised that narcotics go through the Medical Authorization Review committee. The physician increased Plaintiff's Oxcarbazepine and continued Tylenol and Indomethacin.

Plaintiff's October 17, 2012, health care appeal alleges that Defendant lied to him and told him that "they" stopped pain treatments for prisoners with old injuries. He also alleges that Defendant would not talk about it or treat his injuries, and offered only psychotropic medications.

Plaintiff saw Defendant on November 27, 2012, in connection with issues raised in his medical appeal. Plaintiff's medical condition and treatment plan were discussed. Plaintiff was taking Acetaminophen and Indomethacin for pain, and there was no indication for narcotics such as Morphine, Tramadol or Gabapentin.

Plaintiff was examined by the yard physician on January 3, 2013. Plaintiff requested Tramadol or narcotics for pain. Plaintiff was taking Indomethacin, Acetaminophen and Oxcarbazepine.

Plaintiff's health care appeal was denied at the Third Level on July 29, 2013. According to the denial, Plaintiff was most recently evaluated on July 11, 2013. The treatment plan was Acetaminophen with codeine for two weeks, with no indication for sustained narcotics, which Plaintiff had been weaned off of.

---

[1] Plaintiff lists numerous medical conditions, including diabetic neuropathy, chronic pain syndrome, tendonitis, a crushed right hand, lower back problems, a gunshot injury in his chest, prior elbow surgery, migraines and joint pain.

[2] Notes in Plaintiff's medical records dated August 14, 2012, August 29, 2012, and September 3, 2012 indicate that Plaintiff was a "no-show" for three consecutive days of medication. ECF No. 1, at 23-25.

1   Plaintiff's May 23, 2014, supplemental complaint repeats the same allegations as his original
2   complaint. He adds an allegation that after he filed this action, Defendant treated Plaintiff with
3   narcotics for fourteen days. Plaintiff attaches dozens of pages of medical records, from 2004
4   through 2013, which show that he took Morphine and Gabapentin at various times.

**B.      FAILURE TO STATE A CLAIM**

    1.      Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

///
///
///
///

2. <u>Analysis</u>[3]

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). This requires the prisoner to demonstrate (1) the existence of an objectively serious risk of harm and (2) that, subjectively, prison officials knew of and disregarded that risk. *E.g., Farmer*, 511 U.S. at 834, 847; *Thomas*, 611 F.3d at 1150-51; *Foster*, 554 F.3d at 812.

Defendant argues that Plaintiff's allegations demonstrate only a difference of opinion, and therefore fall short of demonstrating deliberate indifference. To the extent that Plaintiff simply believes that Defendant should have prescribed narcotics, he does not state a claim. Plaintiff's allegations demonstrate that he is receiving treatment and medication, and Plaintiff's disagreement, alone, with his treatment does not rise to the level of an Eighth Amendment claim. Plaintiff reliance on the actions of past treatment sources does not change this result. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).

To show deliberate indifference based on a disagreement with treatment, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

---

[3] The Court issued an order finding a cognizable claim and directing Plaintiff to return service documents on August 8, 2014. In cases such as this where other claims or defendants do not need to be dismissed, the Court generally does not offer an analysis of its screening process.

4

In this regard, Plaintiff alleges that Defendant refused to offer medications that would not harm his liver. His allegation, however, is too vague to support a finding that Defendant chose a medically unacceptable course of treatment in conscious disregard of an excessive risk to his health. As Plaintiff has not had an opportunity to correct any deficiencies, he will be permitted to amend this claim. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)

Finally, to the extent that Plaintiff alleges that Defendant violated the Eighth Amendment by prescribing narcotic medications only temporarily, his allegations are also too vague to state a claim. As noted above, a difference of opinion with treatment, alone, does not support an Eighth Amendment claim. He will be permitted to amend.

**C.     QUALIFIED IMMUNITY**

1.     Legal Standard

Defendant also argues that he is entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). "[T]he qualified immunity inquiry is separate from the constitutional inquiry" and "has a further dimension." *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001)) (internal quotation marks omitted). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made. . . ." *Estate of Ford*, 301 F.3d at 1049 (citing *Saucier* at 205) (internal quotation marks omitted).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier*, 533 U.S. at 201; *Mueller v. Auker*, 576 F.3d 979,

5

993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. *Pearson*, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in *Saucier* that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); *Mueller*, 576 F.3d at 993-94.

   2.   Analysis

The Court is granting Plaintiff leave to amend his Eighth Amendment deliberate indifference claim, making an assertion of qualified immunity premature. The Court therefore recommends that the motion to dismiss based on qualified immunity be denied, without prejudice, as premature.

**D.   FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court recommends that Defendant's motion to dismiss for failure to state a claim be GRANTED, and that Plaintiff's complaint and supplemental complaint be DISMISSED WITH LEAVE TO AMEND.[4] The Court further recommends that Defendant's motion to dismiss based on qualified immunity be DENIED WITHOUT PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies may be filed within fourteen (14) days of service of objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **March 11, 2015**          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff should not file an amended complaint at this time. If the Court adopts these Findings and Recommendations, the Court will instruct Plaintiff on filing a <u>single</u> amended complaint.