# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>WINFRED KOKOR,<br><br>    Defendant. | Case No. 1:13-cv-01391-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(Document 56) |

    Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2013.

    On October 5, 2015, the Court screened Plaintiff's Second Amended Complaint and found that it stated a cognizable Eighth Amendment claim against Defendants Kokor and Sundaram. Plaintiff was ordered to either file an amended complaint, or notify the Court of his willingness to proceed only on the cognizable claims.

    On October 19, 2015, Plaintiff notified the Court that he would proceed only on the Eighth Amendment claim against Defendants Kokor and Sundaram. The Court has issued Findings and Recommendations to dismiss the remaining claims. Defendant Kokor has already appeared in this action. Defendant Sundaram has not been served.

    Also on October 19, 2015, Plaintiff filed a motion for injunctive relief. Plaintiff requests that the Court order Defendant Sundaram to return his pain medication.

1

1    The motion is suitable for decision without an opposition pursuant to Local Rule 230(l).

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted) (emphasis added).

However, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562 (1969) (emphasis added); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, Defendant Sundaram has not yet made an appearance. Whatever merit there might otherwise be to Plaintiff's requests for a preliminary injunction, at this juncture the Court lacks personal jurisdiction Defendant Sundaram and it cannot issue an order requiring him to take any action. *Zenith Radio Corp.*, 395 U.S. at 110; *Ross*, 504 F.3d at 1138-39.

## RECOMMENDATION

Based on the above, the Court RECOMMENDS that Plaintiff's motion for injunctive relief be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

2

specified time may result in the waiver of rights on appeal.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **October 27, 2015**                              /s/ Dennis L. Beck
                                                           UNITED STATES MAGISTRATE JUDGE

3