1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DANIEL G. VALENCIA,

       Plaintiff,

    v.

KOKOR, et al.,

       Defendants.

_____/

Case No. 1:13-cv-01391-LJO-DLB (PC)

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF CERTAIN
CLAIMS

TWENTY-ONE DAY DEADLINE

      Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 30, 2013. The Court ordered that the complaint be served on Defendant Winfred Kokor, M.D., on August 22, 2014.

      On April 20, 2015, the Court granted Defendant Kokor's motion to dismiss and dismissed the complaint with leave to amend. Plaintiff filed a Second Amended Complaint on September 25, 2015, naming Dr. Kokor and Dr. Jawahar Sundaram as Defendants.

      On October 5, 2015, the Court screened the Second Amended Complaint and found that it stated an Eighth Amendment deliberate indifference claim against Defendants Kokor and Sundaram. The Court further found that it did not state any other claims for relief. Plaintiff was ordered to notify the Court whether he would proceed only on the cognizable claims, or amend his complaint.

On October 19, 2015, Plaintiff notified the Court of his willingness to proceed only on the cognizable claim against Defendants Kokor and Sundaram.  The Court now issues these Findings and Recommendations.

A.      **SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a

1  plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

2  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

3  standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

4  **B.**     **ALLEGATIONS IN COMPLAINT**

5       Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility.

6  The events at issue occurred while he was incarcerated at Corcoran State Prison ("CSP").

7       Plaintiff explains that he has received pain management for all of his injuries at other

8  prisons.  On several occasions, Plaintiff complained of his chronic pain and asked why CSP

9  removed or discontinued his morphine and gabapentin.  Plaintiff states that his physician told him

10 "state cut/backs."  ECF No. 54, at 2.

11      Plaintiff alleges that he has had several visits with Defendant Kokor on E-Yard, and he

12 refuses to treat "with small levels of opioids and recommends nonsteroidal anti-inflammatory

13 drugs (NSAIDs)."  ECF No. 54, at 2.

14      Plaintiff further alleges that Defendant has known for years that he has "not gone up the

15 ladder" and kept Plaintiff on NSAIDs despite knowing that it is not working.[1]  ECF No. 54, at 2.

16 As a result of knowing of Plaintiff's injuries, he contends that Defendant Kokor was deliberately

17 indifferent.  Plaintiff continues to suffer pain throughout his body.

18      Plaintiff also faults Defendant Kokor's treatment because he failed to provide adequate

19 treatment to him "following other multiple orthopedic surgeon [sic] from hospitals and other

20 prisons."  ECF No. 54, at 3.  Plaintiff contends that Defendant Kokor said that he didn't care about

21 other reports, and he only gave Plaintiff a small amount of morphine for a short period of time.

22 Plaintiff alleges that Defendant Kokor refused "medium/long term treatment and refused the

23 CPHCS care guidelines for chronic pain."  Plaintiff believes that the next step on the ladder is to

24 add an opiate medication, but Defendant Kokor refused to do so.

25      Plaintiff alleges that for years, he was unable to eat or walk to the chow-hall because of

26 nerve damage that impacts his ability to stand and walk, and he is sometimes bedridden with

27 unbearable pain.  Plaintiff has told Defendant Kokor that NSAIDs hurt his liver.

28
---
[1] The "ladder" refers to the World Health Organization's suggestions for treatment of pain.

1    Almost immediately after Plaintiff filed this action, Defendant Kokor gave Plaintiff a short

2    course of opioids.  Plaintiff told Defendant Kokor that the opioids helped his main issues.

3    Plaintiff moved to A-Yard and was seen by Defendant Sundaram, who told Plaintiff that he

4    would not go against Defendant Kokor's treatment plan.  He told Plaintiff that if Defendant Kokor

5    hadn't given him anything by now, he probably won't.

6    Plaintiff has received Tylenol with codeine, but it never worked.  Now, Defendant

7    Sundaram "don't want to talk about it either!"  ECF No. 54, at 4.

8    Plaintiff alleges that Defendants Kokor and Sundaram have been deliberately indifferent to

9    his pain, and retaliated against him for filing this action.  He contends that they have made him

10   suffer despite knowing that he could be treated.

11   **C.    DISCUSSION**

12          1.    Eighth Amendment- Deliberate Indifference

13   While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

14   care, the Eighth Amendment is violated only when a prison official acts with deliberate

15   indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir.

16   2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

17   2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091,

18   1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that

19   failure to treat [his] condition could result in further significant injury or the unnecessary and

20   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

21   indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is

22   shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,

23   and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 96).

24   The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack

25   of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at

26   1122.

27   At the heart of Plaintiff's complaint is his belief that Defendants should be treating his pain

28   with opioids, rather than with the medications he is currently receiving.  He states that Defendant

4

1  Kokor knows that the NSAIDs are not working, but refuses to change his medications.  Plaintiff

2  also states that he told Defendant Kokor that the NSAIDs hurt his liver.  Plaintiff saw Defendant

3  Sundaram after he was moved to A-Yard, but Defendant Sundaram indicated that he would not

4  "go against" Defendant Kokor's treatment plan.  ECF No. 54, at 4.  Plaintiff alleges that both

5  Defendants have made him suffer despite knowing that he could be treated.

6       Construed liberally, Plaintiff states an Eighth Amendment claim against Defendants Kokor

7  and Sundaram.

8       2.      First Amendment- Retaliation

9       Allegations of retaliation against a prisoner's First Amendment rights to speech or to

10  petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090,

11  1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham

12  v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

13  "Within the prison context, a viable claim of First Amendment retaliation entails five basic

14  elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

15  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

16  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

17  correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v.

18  Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d

19  1262, 1269 (9th Cir. 2009).

20       Plaintiff believes that Defendants have denied him proper treatment because he filed this

21  action.  However, Plaintiff includes no facts to suggest any connection between their treatment and

22  Plaintiff's complaint.  In other words, although Plaintiff concludes that their treatment was

23  retaliatory, he provides no factual allegations to show that their treatment decisions were made

24  *because of* his filing of this action.  While factual allegations are accepted as true, legal

25  conclusions are not.  Iqbal, 129 S. Ct. at 1949.

26       Plaintiff therefore fails to state a claim under the First Amendment.

27  ///

28  ///

5

**D.**     **FINDINGS AND RECOMMENDATIONS**

Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment claim against Defendants Kokor and Sundaram.  The Court therefore RECOMMENDS that this action go forward on the Eighth Amendment deliberate indifference claim against Defendants Kokor and Sundaram, and that all other claims be DISMISSED.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __October 27, 2015__            _____ /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will address service of Defendant Sundaram once the Findings and Recommendations are adopted.