# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>WINFRED KOKOR,<br><br>    Defendant. | Case No. 1:13-cv-01391 LJO DLB PC<br><br>ORDER DENYING DEFENDANT KOKOR'S MOTION TO STAY DISCOVERY<br><br>(Document 74) |

Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Second Amended Complaint, which states a claim under the Eighth Amendment against Defendants Kokor and Sundaram.

Discovery opened as to Defendant Kokor on February 17, 2016. Defendant Sundaram's February 16, 2016, motion to dismiss pursuant to Federal Rule 12(b)(6) is pending.

On February 17, 2016, Defendant Kokor filed a motion to stay discovery pending resolution of Defendant Sundaram's motion to dismiss. The Court deems the motion suitable for decision without an opposition pursuant to Local Rule 230(l).

**DISCUSSION**

The Court is vested with broad discretion to manage discovery. Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013); Hunt v. Cnty. of Orange, 672 F.3d 606,

1

616 (9th Cir. 2012).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed.R.Civ.P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir.1988) (stay of discovery pending resolution of immunity issue).

      Defendant Kokor requests that discovery be stayed to avoid duplication of costs and efforts.  He states, "the current posture of the case will send the litigation along two different tracks because discovery will begin for Dr. Kokor long before it is known whether the claim against Dr. Sundaram will survive.  If discovery in this case proceeds at different paces, and at different times, for different Defendants, it will burden the parties and result in duplicated efforts and increased costs."  ECF No. 74-1, at 3.

      In certain situations, the Court will stay discovery to avoid undue burden or expense.  In this case, however, the action is proceeding against Defendant Kokor regardless of the outcome of the motion to dismiss filed by Defendant Sundaram.  Both Defendants have the same counsel, meaning that if the case continues against Defendant Sundaram, counsel will know what discovery has already been completed so as to avoid duplication of effort and costs.  Moreover, given the similarity of the claims, Defendant Sundaram, if he remains in this action, will benefit from discovery conducted by Defendant Kokor.

      For these reasons, the Court finds that a stay of discovery is not warranted.  Defendant Kokor's motion is therefore DENIED.

IT IS SO ORDERED.

Dated: **March 1, 2016**               /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE