# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINFRED KOKOR,<br><br>　　　　Defendant. | Case No. 1:13-cv-01391 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER IN PART<br><br>(Document 84) |

　　　　Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  The action is proceeding on Plaintiff's Second Amended Complaint, which states a claim under the Eighth Amendment against Defendants Kokor and Sundaram.

　　　　Discovery opened as to Defendant Kokor on February 17, 2016.  Defendant Sundaram's February 16, 2016, motion to dismiss pursuant to Federal Rule 12(b)(6) is pending.

　　　　On May 9, 2016, Defendants filed a motion to modify the Discovery and Scheduling Order, seeking an extension of the May 17, 2016, deadline to file motions based on exhaustion.  The Court deems the motion suitable for decision without an opposition pursuant to Local Rule 230(l).

## **DISCUSSION**

　　　　Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of

1

the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Here, Defendants seek an extension of the May 17, 2016, deadline for filing motions based on exhaustion to September 14, 2016, the same day as the dispositive motion deadline. Defendant Kokor served Plaintiff with exhaustion-based discovery, but Plaintiff has not yet provided complete responses and would not stipulate to extend the exhaustion deadline. Defendant states that an extension to September 14, 2016, is necessary to allow review of Plaintiff's late responses, and to schedule Plaintiff's deposition, if necessary to discuss exhaustion issues.

The Court finds good cause to extend the deadline but will not extend it to September 14, 2016, given the Court's preference to decide exhaustion issues as soon as possible. *Albino v. Baca,* 747 F.3d 1162, 1170 (9th Cir. 2014). The Court will GRANT an extension to **July 17, 2016**, which should provide sufficient time to review exhaustion discovery and file a motion, especially since exhaustion-based discovery has already been served on Plaintiff and he is in the process of responding.

The Court declines Defendants' suggestion to impose evidentiary sanctions at this time. From counsel's declaration, it appears that Plaintiff has been attempting to obtain necessary documentation, but has been unable to do so. Doering Decl. ¶¶ 3-4.

IT IS SO ORDERED.

Dated:   **May 11, 2016**               /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE