# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>            Plaintiff,<br><br>     v.<br><br>WINFRED KOKOR, M.D., et al.,<br><br>            Defendants. | Case No. 1:13-cv-01391-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT SUNDARAM'S MOTION TO DISMISS<br>(Document 71)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br>(Document 81)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Daniel G. Valencia ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 13, 2013. He filed a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) on May 23, 2014.

    On August 8, 2014, the Court screened Plaintiff's First Amended Complaint and found that it stated an Eighth Amendment deliberate indifference claim against Defendant Wilfred Kokor, M.D.

    On October 28, 2014, Defendant Kokor filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief could be granted.

    On April 20, 2015, the Court granted the motion to dismiss with leave to amend.

    Plaintiff filed his Second Amended Complaint on September 25, 2015.

///

1

On December 11, 2015, the Court screened the Second Amended Complaint and found that it stated an Eighth Amendment deliberate indifference claim against Defendants Kokor and Sundaram.

Defendant Kokor filed an answer on February 16, 2016.

Defendant Sundaram filed the instant motion to dismiss on February 16, 2016.  Plaintiff filed an opposition, and a request for a temporary injunction, on April 18, 2016.  Defendant Sundaram filed a reply on April 25, 2016.  The motion is therefore deemed submitted pursuant to Local Rule 230(l).

## A. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility.  The events at issue occurred while he was incarcerated at Corcoran State Prison ("CSP").

Plaintiff explains that he has received pain management for all of his injuries at other prisons.  On several occasions, Plaintiff complained of his chronic pain and asked why CSP removed or discontinued his morphine and gabapentin.  Plaintiff states that his physician told him "state cut/backs." ECF No. 54, at 2.

Plaintiff alleges that he has had several visits with Defendant Kokor on E-Yard, and he refuses to treat "with small levels of opioids and recommends nonsteroidal anti-inflammatory drugs (NSAIDs)." ECF No. 54, at 2.

Plaintiff further alleges that Defendant Kokor has known for years that he has "not gone up the ladder" and kept Plaintiff on NSAIDs despite knowing that it is not working.[1]  ECF No. 54, at 2.  As a result of knowing of Plaintiff's injuries, he contends that Defendant Kokor was deliberately indifferent.

Plaintiff also faults Defendant Kokor's treatment because he failed to provide adequate treatment to him "following other multiple orthopedic surgeon [sic] from hospitals and other prisons." ECF No. 54, at 3.  Plaintiff contends that Defendant Kokor said that he didn't care about other reports, and he only gave Plaintiff a small amount of morphine for a short period of time.  Plaintiff alleges that Defendant Kokor refused "medium/long term treatment and refused the CPHCS

///

---

[1] The "ladder" refers to the World Health Organization's suggestions for treatment of pain

2

1 care guidelines for chronic pain."  Plaintiff believes that the next step on the ladder is to add an
2 opiate medication, but Defendant Kokor refused to do so.

3       Plaintiff alleges that for years, he was unable to eat or walk to the chow-hall because of nerve
4 damage that impacts his ability to stand and walk, and he is sometimes bedridden with unbearable
5 pain.  Plaintiff has told Defendant Kokor that NSAIDs hurt his liver.

6       Almost immediately after Plaintiff filed this action, Defendant Kokor gave Plaintiff a short
7 course of opioids.  Plaintiff told Defendant Kokor that the opioids helped his main issues.  Plaintiff
8 moved to A-Yard and was seen by Defendant Sundaram, who told Plaintiff that he would not go
9 against Defendant Kokor's treatment plan.  He told Plaintiff that if Defendant Kokor hadn't given
10 him anything by now, "he will not either."  ECF No. 54, at 4.

11       Plaintiff has received Tylenol with codeine, but it never worked.  Now, Defendant Sundaram
12 "don't want to talk about it either!"  ECF No. 54, at 4.  Plaintiff alleges that Defendants Kokor and
13 Sundaram have been deliberately indifferent to his pain.  He contends that they have made him
14 suffer despite knowing that he could be treated.

15 **B.**     **FAILURE TO STATE A CLAIM**

16     1.     <u>Legal Standard</u>

17       A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim,
18 and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts
19 alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42
20 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In
21 resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-*
22 *Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903,
23 910 (9th Cir. 2007); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

24       To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
25 as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.
26 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-
27 65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret*
28 *Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and

draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2. <u>Discussion</u>

As an initial matter, Plaintiff's Second Amended Complaint was initially screened on October 5, 2015, and the Court found it stated a cognizable Eighth Amendment claim against Defendants Kokor and Sundaram. 28 U.S.C. § 1915A. In as much as the legal standard for screening and for 12(b)(6) motions is the same, 28 U.S.C. § 1915A; *Watison*, 668 F.3d at 1112, the Court generally views subsequent Rule 12(b)(6) motions with disfavor, *see Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005); *Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2008 WL 2233566, at *2-3 (E.D. Cal. May 28, 2008), and the present motion is no exception.

Defendant Sundaram acknowledges the screening order, but contends that the Court did not "consider all allegations against" him in the screening order, ECF No. 71, at 1. Given that the allegations against Defendant Sundaram were brief, the Court is not aware of any material allegations that it did not discuss. Defendant Sundaram presents no arguments which persuade the Court that it erred in determining that Plaintiff's Eighth Amendment claim was cognizable. *See Ingle,* 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). While the Court agrees that Plaintiff's allegations are brief, his allegations "are sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Nonetheless, in his opposition, Plaintiff has presented additional facts relating to his treatment with Defendant Sundaram.[2] Therefore, although his Second Amended Complaint is

---

[2] Plaintiff is reminded that he only states an Eighth Amendment claim against Defendants. Insofar as he lists breach of contract, breach of warranty, etc., in his opposition, those claims are not part of this action.

4

sufficient to state a claim, the Court will grant Defendant Sundaram's motion given Plaintiff's offering of additional facts. <u>Plaintiff may not add new claims against either Defendant. He may only add the facts presented in his opposition related to Defendant Sundaram, and any other facts that may further explain his claim against Defendant Sundaram.</u>

## C. PLAINTIFF'S REQUEST FOR TEMPORARY INJUNCTION

### 1. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted) (emphasis added).

Despite Plaintiff's contention to the contrary, he has not demonstrated that he is likely to succeed on the merits of his claim. Nor has Plaintiff demonstrated that he is likely to suffer *irreparable* harm, or that ordering prison doctors to prescribe certain medication to prisoners is in the public's best interests.

## D. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court recommends that Defendant Sundaram's motion to dismiss for failure to state a claim be GRANTED, and that Plaintiff's Second Amended Complaint be DISMISSED WITH LEAVE TO AMEND.[3] The Court further recommends that Plaintiff's motion for a temporary injunction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies may be filed within fourteen (14) days of service of

---

[3] Plaintiff should not file an amended complaint at this time. If the Court adopts these Findings and Recommendations, the Court will instruct Plaintiff on filing an amended complaint.

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**June 1, 2016**__            _____**/s/ Sandra M. Snyder**_____
                                                          UNITED STATES MAGISTRATE JUDGE