UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>             Plaintiff,<br><br>     v.<br><br>WINFRED KOKO, .M.D., et al.,<br><br>             Defendants. | CASE NO. 1:13-cv-01391-LJO-MJS (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO VACATE DEADLINES**<br><br>**(ECF No. 98)**<br><br>**ORDER VACATING DEADLINE FOR FILING MOTIONS BASED ON ALLEGED FAILURE TO EXHAUST AND OTHER DISPOSITIVE MOTIONS**<br><br>**(ECF Nos. 73, 85)** |

Before the Court is Defendant Kokor and Sunduram's motion to vacate the discovery and dispositive motion deadlines. (ECF No. 98.) For the reasons set for below, the motion will be granted in part and denied in part.

**I.    Procedural History**

Plaintiff is a prisoner proceeding pro se and in forma pauperis in a civil rights action brought pursuant to 42 U.S.C. § 1983. He initiated this action on August 30, 2013. Before the complaint was screened, Plaintiff sought and was granted leave to file a first amended complaint. On August 8, 2014, the Court screened the first amended complaint and found that it stated a cognizable Eighth Amendment claim for inadequate medical care against Defendant Kokor. (ECF No. 21.) Thereafter, service was initiated on Kokor

and Kokor filed a motion to dismiss. (ECF No. 26.) On April 20, 2015, the Court granted the motion to dismiss and gave Plaintiff leave to amend. (ECF No. 47.) Plaintiff filed a second amended complaint. (ECF No. 54.)

On October 5, 2015, the Court screened the second amended complaint and determined that it stated cognizable Eighth Amendment claims for inadequate medical care against Defendant Sunduram and Kokor. (ECF No. 55.) Plaintiff was given the option to proceed only on these claims or to amend again. Plaintiff chose to proceed. (ECF No. 57.) His non-cognizable claims were dismissed. (ECF No. 61.)

Defendant Kokor answered the second amended complaint. (ECF No. 70.) Thus, the Court issued a discovery and scheduling order setting various deadlines for discovery and dispositive motions, all of which have passed. (ECF No. 73; see also ECF No. 85.)

Defendant Sunduram filed a motion to dismiss. (ECF No. 71.) Following this submission, Defendant Kokor moved to stay the discovery order pending resolution of the motion to dismiss. (ECF No. 74.) The motion was denied. (ECF No. 75.)

As to the motion to dismiss, the Court concluded that the claims as pled were cognizable, but surmised that Plaintiff could nonetheless allege additional facts in support of his claims. (See ECF Nos. 88, 94.) Accordingly, Defendant Sunduram's motion to dismiss was granted, the complaint was dismissed in its entirety, and Plaintiff again was given leave to amend. (Id.) The Court presently is awaiting Plaintiff's amendment.

On September 12, 2016, Defendants moved to vacate the discovery and dispositive motion deadlines. (ECF No. 98.) Plaintiff filed an opposition. (ECF No. 103.) Defendants filed a reply. (ECF No. 104.) The matter is submitted.

**II.    Legal Standard**

Districts courts must enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P.

16(b)(3)(A). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

III.    Discussion

    A.    **Defendant Sunduram**

3

It appears the instant motion was brought on behalf of both Defendants. However, Defendant Sunduram was not a party to the original discovery and scheduling order and no discovery or motion deadlines have been imposed upon him. He therefore has no basis to seek to alter the deadlines. Thus, the motion will be denied with respect to Defendant Sunduram. If and when Plaintiff amends and if and when Sunduram answers, the Court will issue a discovery and scheduling order setting deadlines applicable to Defendant Sunduram.

### B.  Defendant Kokor

#### 1.  Discovery Deadline

Discovery with respect to Defendant Kokor closed on July 18, 2016. (ECF No. 73.) During the discovery period, Defendant Kokor provided Plaintiff with initial disclosures. (ECF No. 80.) Kokor also filed a motion to compel, which was granted. (ECF No. 93.) The instant motion was filed on September 12, 2016, nearly two months after the close of discovery. Defendant does not explain why additional discovery is needed or why such could discovery could not be obtained during the relevant period through reasonable diligence.

The Court is cognizant that Plaintiff has been given leave to amend. However, said amendment should not affect the claims against Defendant Kokor. In the findings and recommendations granting the motion to dismiss, the Court expressly stated: "<u>Plaintiff may not add new claims against either Defendant. He may only add the facts presented in his opposition related to Defendant Sundaram, and any other facts that may further explain his claim against Defendant Sundaram</u>." (ECF No. 88 at 5 (emphasis in original)).

The Court will deny without prejudice Kokor's request to vacate the discovery deadline. In the unlikely event the third amended complaint proceeds on new claims against Defendant Kokor, he may renew his motion.

4

**2. Motion Deadlines**

Defendant Sunduram's motion to dismiss was granted prior to the expiration of Defendant Kokor's exhaustion motion deadline and dispositive motion deadline. (See ECF Nos. 73, 85, 94.) Accordingly, at the time those deadlines expired, there was no operative complaint in this action. Defendant's motion was filed in advance of both deadlines. Accordingly, the Court concludes that there is good cause to vacate exhaustion motion and dispositive motion deadlines, pending the filing and screening of Plaintiff's third amended complaint.

Plaintiff's claims against Defendant Kokor are likely to remain unchanged. Accordingly, the pretrial motions schedule with respect to Defendant Kokor likely will proceed at an expedited pace. Given the lengthy pendency of this action against Defendant Kokor, absent exceptional circumstances, further requests for extensions of time will be looked upon with disfavor.

**IV.  CONCLUSION AND ORDER**

Based on the foregoing, Defendants' motion to vacate deadlines is HEREBY GRANTED IN PART AND DENIED IN PART as follows:

1. Defendant Kokor's request to vacate the discovery deadline is DENIED without prejudice;
2. Defendant Kokor's request to vacate motion deadlines is GRANTED;
3. The deadlines for filing motions for summary judgment based on exhaustion or on the merits are VACATED; and
4. Defendant Sunduram's request to vacate deadlines is DENIED as moot.

IT IS SO ORDERED.

Dated:   October 5, 2016              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE