UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINFRED KOKOR, et al.,<br><br>　　　　Defendants. | CASE No. 1:13-cv-01391-LJO-MJS (PC)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 106)**<br><br>**CLERK TO SEND PLAINTIFF COPY OF ECF Nos. 54 and 106**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2015, the Court screened Plaintiff's second amended complaint and determined that it stated cognizable Eighth Amendment claims for inadequate medical care against Defendants Sundaram and Kokor. (ECF No. 55.) Plaintiff was given the option to proceed only on these claims or to file an amended complaint. Plaintiff chose to proceed. (ECF No. 57.) His non-cognizable claims were dismissed. (ECF No. 61.)

Defendant Kokor answered the second amended complaint. (ECF No. 70.) Defendant Sundaram filed a motion to dismiss. (ECF No. 71.) As to the motion to

dismiss, the District Court concluded that the claims as pled were cognizable, but surmised that Plaintiff could nonetheless allege additional facts in support of his claims. (See ECF Nos. 88, 94.) Accordingly, Defendant Sundaram's motion to dismiss was granted, the complaint was dismissed in its entirety, and Plaintiff again was given leave to amend. (Id.) In the findings and recommendations granting the motion to dismiss, the Court stated: "Plaintiff may not add new claims against either Defendant. He may only add the facts presented in his opposition related to Defendant Sundaram, and any other facts that may further explain his claim against Defendant Sundaram." (ECF No. 88 at 5 (emphasis in original)).

Plaintiff's third amended complaint is before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III. Plaintiff's Allegations**

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility, but complains of acts that occurred at Corcoran State Prison ("CSP"). Plaintiff's second amended complaint brought claims against both Winfred Kokor, M.D., and Jawahar Sundaram, M.D., in relation to their provision of inadequate pain medication. However, Plaintiff's third amended complaint contains allegations only against Dr. Sundaram. Nonetheless, Plaintiff asks that his allegations against Dr. Kokor "remain unchanged."

**IV. Analysis**

    **A. Complaint not Complete in Itself**

Plaintiff appears to intend for his third amended complaint to supplement his second amended complaint. However, it is not permissible to add additional allegations in this manner. An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without

reference to the prior or superseded pleading," Local Rule 220. Plaintiff's second amended complaint has been superseded by the third amended complaint; the second amended complaint no longer serves any function in this action.

Moreover, the third amended complaint, standing alone, does not contain sufficient facts to state a claim for medical indifference under the Eighth Amendment. Plaintiff again will be provided the legal standard applicable to such claims.

Plaintiff will be given **one final opportunity** to amend his complaint to state a cognizable claim against Defendants Kokor and Sundaram. **If Plaintiff chooses to amend, his fourth amended** complaint must contain all of the factual allegations he wishes to bring against these Defendants. He may not add new claims. As stated in the Court's prior orders, Plaintiff **must include, in a single pleading, the facts stated in his second amended complaint, the facts presented in his opposition to Defendant Sundaram's motion to dismiss, and any other facts that may further explain his claim against Defendant Sundaram.** The Clerk's office will be directed to send Plaintiff a copy of his second and third amended complaints for reference.

### B.    Eighth Amendment Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is

insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a

constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

## V. Conclusion and Order

Plaintiff's third amended complaint will be dismissed because it is not complete in itself.

The Court will grant Plaintiff **one final opportunity** to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and copies of his second and third amended complaints (ECF Nos. 54 and 106);
2. Within thirty (30) days from the date of service of this order, Plaintiff must file a fourth amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   December 7, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE