UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>    Plaintiff,<br><br>v.<br><br>WINFRED KOKOR, et al.,<br><br>    Defendants. | CASE No. 1:13-cv-01391-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON COGNIZABLE EIGHTH AMENDMENT CLAIM FOR DAMAGES AND TO DISMISS ALL OTHER CLAIMS**<br><br>**(ECF No. 111)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2015, the Court screened Plaintiff's second amended complaint and determined that it stated cognizable Eighth Amendment claims for inadequate medical care against Defendants Sundaram and Kokor. (ECF No. 55.) Plaintiff was given the option to proceed only on these claims or to file an amended complaint. Plaintiff chose to proceed. (ECF No. 57.) His non-cognizable claims were dismissed. (ECF No. 61.)

    Defendant Kokor answered the second amended complaint. (ECF No. 70.) Defendant Sundaram filed a motion to dismiss. (ECF No. 71.) As to the motion to dismiss, the Court concluded that the claims as pled were cognizable, but surmised that

Plaintiff could nonetheless allege additional facts in support of his claims. (See ECF Nos. 88, 94.) Accordingly, Defendant Sundaram's motion to dismiss was granted, the complaint was dismissed in its entirety, and Plaintiff again was given leave to amend. (Id.) In the findings and recommendations granting the motion to dismiss, the Court stated: "Plaintiff may not add new claims against either Defendant. He may only add the facts presented in his opposition related to Defendant Sundaram, and any other facts that may further explain his claim against Defendant Sundaram." (ECF No. 88 at 5 (emphasis in original)).

Plaintiff filed a third amended complaint. (ECF No. 106.) The Court dismissed the third amended complaint because it was not complete in itself. (ECF No. 110.)

Plaintiff's fourth amended complaint (ECF No. 111) is before the Court for screening.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for

2

vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.    Plaintiff's Allegations

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility, but complains of acts that occurred at Corcoran State Prison ("CSP"). He names Winfred Kokor, M.D., and Jawahar Sundaram, M.D., as defendants. Briefly stated, he alleges that Defendants refused to provide him with adequate pain management (morphine and gabapentin), despite knowing that other medications were ineffective.

His allegations may be summarized essentially as follows:

Plaintiff's medical history involves a gunshot wound to his chest and right hand, two ineffective surgeries, right elbow surgery with nerve damage, and right leg nerve damage that causes mobility issues and has strained his lower back "for years." He also is a diabetic and needs to exercise, but is unable to do so without proper medication.

Plaintiff received adequate pain management, including morphine and gabapentin, at other prisons. Plaintiff also received adequate medication when he was seen by specialists or in the E.R.

However, Dr. Kokor cancelled a medication order from Plaintiff's prior physician. Kokor stated that he didn't treat old injuries and that his decision was based on "cutbacks." Plaintiff saw Dr. Kokor several times, but he refused to prescribe opioids and only prescribed nonsteroidal anti-inflammatory drugs. Both Dr. Kokor and Dr. Sunduram knew that Plaintiff continued to be in pain but nonetheless refused to follow guidelines for the treatment of chronic pain. Plaintiff describes these guidelines as the WHO and CPHCS[1] guidelines. Instead, they prescribed Plaintiff psychiatric medications and NSAIDs. Plaintiff experienced side effects from these medications.

Plaintiff filed two complaints. As a result, Kokor briefly changed Plaintiff's medications. At one point, Kokor gave Plaintiff morphine for one day; at another point, he gave Plaintiff morphine for one week.

On one occasion, Plaintiff experienced problems with his hand and saw Dr. Sunduram. Sunduram stated that, "if the orthopedic recommends pain medication then we will talk." The orthopedic specialist did recommend pain medication and Sunduram prescribed Tylenol with codeine. This medication gave Plaintiff stomach problems.

Both Defendants failed to follow "higher reports," stated that they don't follow other reports, refused to send Plaintiff to specialists, and stated that they didn't care.

Plaintiff seeks monetary relief and the reinstatement of his previously prescribed pain medication. He also seeks a declaration that his rights were violated.

IV. Analysis

A. Eighth Amendment Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith,

---

[1] Plaintiff may intend to refer to CCHCS, or California Correctional Health Care Services. The Court is unfamiliar with the acronym CPHCS and it is not defined by Plaintiff.

4

974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v.

Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegation that Drs. Kokor and Sunduram continued to provide ineffective pain medication, despite Plaintiff's complaints of side effects and continued pain, previously was found to state an Eighth Amendment claim. (See ECF Nos. 59, 61, 88, 94.) The Court concludes that this claim remains cognizable.

### B. Other Statutory Claims

Plaintiff claims that Defendants' conducted violated a number of other statutes: "1997e(E); 18 U.S.C. 831(F)(5) 1365(g)(4) 1515(A)(5) and 1864(d)(2)." The majority of these provisions are wholly inapplicable in this action and, in any event, do not provide a basis for a separate cause of action on the facts presented here.

These claims should be dismissed without further leave to amend.

### C. Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief should be dismissed.

### D. Injunctive Relief

Plaintiff seeks reinstatement of his medications which is, in effect, a request for injunctive relief.

Plaintiff has been transferred to another institution and apparently is no longer under Defendants' care. Absent facts to suggest that Plaintiff will be transferred back to the custody of Defendants, any requests for injunctive relief appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

The Court cannot order officials at Plaintiff's new institution, who are not parties to this matter, to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

## V. Conclusion and Recommendation

Plaintiff's fourth amended complaint states a cognizable Eighth Amendment claim for damages against Defendants Kokor and Sunduram. It states no other cognizable claims. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed on his Eighth Amendment claims for damages against Defendants Kokor and Sunduram;

2. All other claims asserted in the fourth amended complaint be DISMISSED

with prejudice, and

3. Defendants Kokor and Sunduram be required to file a responsive pleading or motion within fourteen days of the order adopting these findings and recommendations.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    February 10, 2017         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE