UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. VALENCIA,<br><br>    Plaintiff,<br><br>v.<br><br>WINFRED KOKOR, et al.,<br><br>    Defendants. | CASE No. 1:13-cv-01391-LJO-MJS (PC)<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING NON-COGNIZABLE CLAIMS**<br><br>**(ECF Nos. 111, 114)**<br><br>**DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN FOURTEEN DAYS** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On February 10, 2017, the Magistrate Judge screened Plaintiff's fourth amended complaint and found that it states a cognizable Eighth Amendment medical indifference claim for damages against Defendants Kokor and Sunduram, but no other cognizable claims. (ECF No. 114.) The Magistrate Judge issued findings and recommendations for

Plaintiff to proceed on the cognizable Eighth Amendment claim for damages and for dismissal of the remaining claims. (Id.) Plaintiff filed objections. (ECF No. 115.) Defendants filed no response.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis, with the exception of Plaintiff's claim for injunctive relief. The Court will adopt the findings and recommendations in part as explained below.

The Magistrate Judge recommended dismissal of Plaintiff's claim for injunctive relief on the ground that it appeared that Plaintiff had transferred to another institution and was no longer under the care of Defendants. (ECF No. 114 at 7.) The Magistrate Judge noted that Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, but complained of acts that occurred at Corcoran State Prison. In his objections, Plaintiff states that the events at issue occurred at CSATF, where he remains housed. A review of the fourth amended complaint and the docket supports Plaintiff's contention. While the complaint at times states the Defendants are at "Corcoran," which may have been misconstrued as indicating Corcoran State Prison, it also states that the events occurred at CSATF. Accordingly, Plaintiff's allegations are sufficient at the pleading stage to state a cognizable claim for injunctive relief.[1] Plaintiff will be permitted to proceed on this claim.

In all other respects, Plaintiff's objections do not raise an issue of fact or law under the findings and recommendations.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts in part the findings and recommendations, filed February 10, 2017 (ECF No. 114);

---

[1] To the extent Plaintiff wishes to request preliminary injunctive relief, he may file a motion seeking same. The Court does not herein address Plaintiff's request that "this court . . . honor the pain management guide/lines."

2

2. Plaintiff shall proceed on his Eighth Amendment medical indifference claim for damages and injunctive relief against Defendants Kokor and Sunduram;

3. All other claims asserted in the fourth amended complaint are DISMISSED without leave to amend, and

4. Defendants shall file a responsive pleading or motion within fourteen days of this order.

IT IS SO ORDERED.

Dated:   **March 14, 2017**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

3