| | |
|---|---|
| DANIEL VALENCIA, | Case No. 1:13-cv-01391-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL INITIAL DISPOSITIONAL SETTLEMENT DOCUMENTS** |
| v. | |
| WINFRED KOKOR, M.D., et al., | **(ECF NO. 134)** |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action, now closed, proceeded on Plaintiff's fourth amendment complaint against Defendant Kokor and Sunduram for violations of Plaintiff's Eighth Amendment right to adequate medical care.

On November 17, 2017, the parties attended a settlement conference and the matter settled. (ECF No. 129.) Thereafter, the parties filed a stipulation of dismissal with prejudice and the matter was closed by operation of law. (ECF Nos. 130, 133.)

Before the Court is Plaintiff's December 18, 2017, Motion to Compel Initial Dispositional Settlement Documents. (ECF No. 134.) He states he did not receive copies of settlement documents as agreed and asks the Court to review the terms of the settlement. Defendants respond that the motion is moot because the documents were provided to Plaintiff at his address of record on December 18, 2017. (ECF No. 135.)

1 | Plaintiff now states that the documents were not timely mailed and the defendants thus should be subject to sanctions. (ECF No. 136.) He also seeks default judgment based on Defendants' failure to respond to findings and recommendations that were issued prior to settlement of this case.

Plaintiff has received the settlement documents at issue on the motion. His motion is moot in that regard. Plaintiff's remaining contentions will not be addressed. The matter was dismissed by operation of law based on the parties' stipulation. The Court lacks jurisdiction to provide Plaintiff with further relief in this action based on any of the grounds Plaintiff presents. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 379-81 (1994) (holding there is generally no ancillary jurisdiction to enforce a settlement agreement).

Accordingly, Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 28, 2018**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE